SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 301348-15

Date Filed: MAR 3 0 2015

---

DORIS ROSARIO,

                Plaintiff,

-against-

TARGET CORPORATION, TARGET STORES, KINGSBRIDGE ASSOCIATES, and KINGSBRIDGE ASSOCIATES II, LLC

                Defendants.

---

Plaintiff designates: BRONX County as the place of trial

The basis of venue is: Plaintiff's residence

**SUMMONS**

Plaintiff's address:

216 East 203rd Street, Apt. 5C
Bronx, New York 10458

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
       March 19, 2014

PEÑA & KAHN, PLLC
Attorneys for Plaintiff
Office & P. O. Address
1250 Waters Place, Ste. 901
Bronx, New York 10461
(718) 585-6551
Our File No.: 05615

By_____
L. DAVID RAHMANAN

Defendants' Addresses:

TARGET CORPORATION
1000 Nicollet Mall, TPS 2672
Minneapolis, Minnesota 55403

TARGET STORES
40 West 225th Street
Bronx, New York 10463

KINGSBRIDGE ASSOCIATES
41 Shore Road
Amityville, New York 11701

KINGSBRIDGE ASSOCIATES II, LLC
41 Shore Road
Amityville, New York 11701

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                             Index No.

---------------------------------------------------------------
DORIS ROSARIO,

                     Plaintiff,                    **VERIFIED COMPLAINT**

    -against-

TARGET CORPORATION, TARGET STORES,
KINGSBRIDGE ASSOCIATES, and KINGSBRIDGE
ASSOCIATES II, LLC

                     Defendants.
---------------------------------------------------------------

Plaintiff, by her attorneys, PEÑA & KAHN, PLLC complaining of the defendants, all upon information and belief, respectfully states and alleges as follows:

1. That at all times herein mentioned, the occurrence that gave rise to this action occurred in the County of Bronx, City and State of New York.

2. That upon information and belief, at all time herein mentioned, the defendant TARGET CORPORATION (hereinafter "TARGET CORPORATION") was a domestic corporation duly organized and existing under and by the virtues of the laws of the State of New York.

3. That upon information and belief, at all time herein mentioned, the defendant TARGET CORPORATION was a foreign corporation duly authorized to do business within the State of New York.

4. That upon information and belief, at all time herein mentioned, the defendant TARGET CORPORATION was a partnership transacting business in the State of New York.

5. That upon information and belief, at all time herein mentioned, the defendant TARGET CORPORATION was a business entity doing business within the State of New York.

6. That upon information and belief, at all time herein mentioned, the defendant TARGET STORES (hereinafter "TARGET STORES") was a domestic corporation duly organized and existing under and by the virtues of the laws of the State of New York.

7. That upon information and belief, at all time herein mentioned, the defendant TARGET STORES was a foreign corporation duly authorized to do business within the State of New York.

8. That upon information and belief, at all time herein mentioned, the defendant TARGET STORES was a partnership transacting business in the State of New York.

9. That upon information and belief, at all time herein mentioned, the defendant TARGET STORES was a business entity doing business within the State of New York.

10. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES (hereinafter "KINGSBRIDGE ASSOCIATES") was a domestic corporation duly organized and existing under and by the virtues of the laws of the State of New York.

11. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES was a foreign corporation duly authorized to do business within the State of New York.

12. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES was a partnership transacting business in the State of New York.

13. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES was a business entity doing business within the State of New York.

14. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES II, LLC (hereinafter "KINGSBRIDGE ASSOCIATES II, LLC") was a domestic corporation duly organized and existing under and by the virtues of the laws of the State of New York.

15. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES II, LLC was a foreign corporation duly authorized to do business within the State of New York.

16. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES II, LLC was a partnership transacting business in the State of New York.

17. That upon information and belief, at all time herein mentioned, the defendant KINGSBRIDGE ASSOCIATES II, LLC was a business entity doing business within the State of New York.

18. That on or about September 3, 2014, defendant TARGET CORPORATION owned the premises and building known as and located at 40 West 225th Street, Bronx, New York.

19. That on or about said date, defendant TARGET CORPORATION was a lessor of the subject premises.

20. That on or about said date, defendant TARGET CORPORATION was a lessee of the subject premises.

21. That on or about said date, defendant TARGET CORPORATION occupied the subject premises.

22. That on or about said date, defendant TARGET CORPORATION managed the subject premises.

23. That on or about said date, defendant TARGET CORPORATION acted as the managing agent of the subject premises.

24. That on or about said date, defendant TARGET CORPORATION controlled the subject premises.

25. That on or about said date, defendant TARGET CORPORATION maintained the subject premises.

26. That on or about said date, defendant TARGET CORPORATION was responsible for maintaining the subject premises.

27. That on or about said date, defendant TARGET CORPORATION owned a retail store on the subject premises.

28. That on or about said date, defendant TARGET CORPORATION operated a retail store on the subject premises.

29. That on or about September 3, 2014, defendant TARGET STORES owned the premises and building known as and located at 40 West 225th Street, Bronx, New York.

30. That on or about said date, defendant TARGET STORES was a lessor of the subject premises.

31. That on or about said date, defendant TARGET STORES was a lessee of the subject premises.

32. That on or about said date, defendant TARGET STORES occupied the subject premises.

33. That on or about said date, defendant TARGET STORES managed the subject premises.

34. That on or about said date, defendant TARGET STORES acted as the managing agent of the subject premises.

35. That on or about said date, defendant TARGET STORES controlled the subject premises.

36. That on or about said date, defendant TARGET STORES maintained the subject premises.

37. That on or about said date, defendant TARGET STORES was responsible for maintaining the subject premises.

38. That on or about said date, defendant TARGET STORES owned a retail store on the subject premises.

39. That on or about said date, defendant TARGET STORES operated a retail store on the subject premises.

40. That on or about September 3, 2014, defendant KINGSBRIDGE ASSOCIATES owned the premises and building known as and located at 40 West 225th Street, Bronx, New York.

41. That on or about said date, defendant KINGSBRIDGE ASSOCIATES was a lessor of the subject premises.

42. That on or about said date, defendant KINGSBRIDGE ASSOCIATES was a lessee of the subject premises.

43. That on or about said date, defendant KINGSBRIDGE ASSOCIATES occupied the subject premises.

44. That on or about said date, defendant KINGSBRIDGE ASSOCIATES managed the subject premises.

45. That on or about said date, defendant KINGSBRIDGE ASSOCIATES acted as the managing agent of the subject premises.

46. That on or about said date, defendant KINGSBRIDGE ASSOCIATES controlled the subject premises.

47. That on or about said date, defendant KINGSBRIDGE ASSOCIATES maintained the subject premises.

48. That on or about said date, defendant KINGSBRIDGE ASSOCIATES was responsible for maintaining the subject premises.

49. That on or about said date, defendant KINGSBRIDGE ASSOCIATES owned a retail store on the subject premises.

50. That on or about said date, defendant KINGSBRIDGE ASSOCIATES operated a retail store on the subject premises.

51. That on or about September 3, 2014, defendant KINGSBRIDGE ASSOCIATES II, LLC owned the premises and building known as and located at 40 West 225th Street, Bronx, New York.

52. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC was a lessor of the subject premises.

53. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC was a lessee of the subject premises.

54. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC occupied the subject premises.

55. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC managed the subject premises.

56. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC acted as the managing agent of the subject premises.

57. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC controlled the subject premises.

58. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC maintained the subject premises.

59. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC was responsible for maintaining the subject premises.

60. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC owned a retail store on the subject premises.

61. That on or about said date, defendant KINGSBRIDGE ASSOCIATES II, LLC operated a retail store on the subject premises.

62. That on said date and while the plaintiff was lawfully on said premises, and more particularly at or near the frozen goods section inside the Target store at the said premises, plaintiff was caused to be injured due to a hazardous,

defective, dangerous and slippery condition thereat, causing plaintiff to sustain severe and grievous personal injuries with attendant special damages.

63. That on said date the defendants, their agents, servants and/or employees, reserved to themselves the right and duty of general supervision, maintenance, operation and control, at the aforesaid location and premises, and did in fact exercise such right of supervision, maintenance, operation and control.

64. That on said date and place, the defendants had charge of the subject premises, and it was the duty of said defendants, their agents, servants and/or employees to use reasonable care and diligence in the management, operation, care and maintenance of the subject premises and to make any and all necessary markings, warning, repairs thereto, for the purpose of keeping the same in a reasonably safe condition for travelers traversing thereat.

65. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendants, their agents, servants, independent contractors and/or employees, in that they negligently caused, allowed and permitted the subject dangerous and defective premises to be, become and remain in a defective, dangerous and slippery condition so that a trap existed on the aforesaid premises; there being a great impediment on said premises, endangering the life and limb of persons lawfully traversing thereat.

66. That upon information and belief at all times herein mentioned the defendants, their agents, servants, independent contractors and/or employees had actual

and/or constructive notice of the aforesaid dangerous and defective condition and/or created the dangerous condition.

67. That on or about said date and at all times mentioned herein, the plaintiff would not have been caused to be injured on the subject premises in the absence of negligence on the part of the defendants.

68. That on or about said date and at all times mentioned herein, the subject premises was within the exclusive control of the defendants.

69. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendant, its agents, servants, independent contractors and/or employees solely and wholly as a result of the negligence of the defendants herein and without any negligence on the part of the plaintiff contributing thereto.

70. That this action falls within one or more of the exceptions contained in CPLR § 1602.

71. That by reason of the foregoing the plaintiff sustained severe injuries to various parts of plaintiff's body; that plaintiff suffered and will continue to suffer for some time to come great pain and anguish in body and mind; that plaintiff received necessary hospital care and attention for a long period of time; that plaintiff necessarily received and will continue to receive medical treatment and medicines for which expenses have, are and will continue to be incurred; that as a result of the injuries sustained by plaintiff, plaintiff may, in the future, require further hospital and medical care and attention; that plaintiff has been unable to return to plaintiff's usual duties and occupation as

plaintiff had theretofore done and, upon information and belief, plaintiff's injuries are permanent, protracted and disabling in nature all to plaintiff's damage as against the defendants in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

WHEREFORE, plaintiff demands judgment against the defendants in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, and in an amount which satisfies diversity jurisdiction of the Federal Courts pursuant to 28 USCA § 1441 and 1331 together with the costs and disbursements of this action.

Dated: Bronx, New York
March 19, 2015

Yours, etc.,

PEÑA & KAHN, PLLC
Attorneys for Plaintiff
Office & P. O. Address
1250 Waters Place, Ste. 901
Bronx, New York 10461
(718) 585-6551
Our File No.: 05615

By: _____
L. DAVID RAHMANAN

## VERIFICATION

STATE OF NEW YORK )
) ss. :
COUNTY OF BRONX )

_____Doris Rosario_____ being duly sworn, says:

I am the plaintiff in the within action; I have read the foregoing

_____Complaint_____

and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true.

Dated:        Bronx, New York
             , 20 15

                          x _Doris Rosario_

STATE OF NEW YORK, COUNTY OF BRONX     ss. :

On _MARCH 25 2015_____, 2015, before me personally came,
_____ to me known, and known to me to
be the individual described in, and who executed the foregoing VERIFICATION, and duly acknowledged to me that (s)he executed the same.

_____
NOTARY PUBLIC

ELIZABETH ZUCCO
Notary Public, State of New York
No. 01ZU6093554
Qualified in BRONX County
Commission Expires JUNE 2, 20 15

SUPREME COURT OF THE STATE OF NEW YORK   Index No.
COUNTY OF BRONX

DORIS ROSARIO,

      Plaintiff,

 -against-

TARGET CORPORATION, TARGET STORES, KINGSBRIDGE ASSOCIATES, and KINGSBRIDGE ASSOCIATES II, LLC

      Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

PEÑA & KAHN, PLLC
Attorneys for Plaintiff
Post Office Address and Telephone
1250 Waters Place, Suite 901
Bronx, New York 10461
Tel: (718) 585-6551
Fax: (718) 585-6618

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous

L. DAVID RAHMANAN, ESQ.
PEÑA & KAHN, PLLC

[ ] Notice of Entry
that the within is a (certified) true copy of a
duly entered in the Office of the Clerk of the within named court on   20

[ ] Notice of Settlement
that an order    of which the within is a true copy
will be presented to the Hon.    one of the judges of the within court at

on  20 at M.

Dated:          Yours, etc.

           PEÑA & KAHN, PLLC
           1250 Waters Place, Suite 901
           Bronx, New York 10461