UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DORIS ROSARIO,

               Plaintiff,

        -v-

TARGET CORPORATION et al.,

               Defendants.
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 30, 2015

15-cv-3724 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

      Plaintiff Doris Rosario commenced this personal injury action on March 30, 2015 in New York State Supreme Court, Bronx County, naming as defendants Target Corporation, Target Stores, Kingsbridge Associates and Kingsbridge Associates II, LLC ("Kingsbridge II"). (Amended Notice of Removal, ECF No. 3.) Plaintiff alleges that she was injured on September 3, 2014, after falling on some liquid at or near the frozen goods section inside a Target store located at 40 West 225th Street, Bronx, New York. (ECF No. 3.) On or about May 15, 2015, defendant Target Corporation removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 3.) Presently before the Court are defendants' Kingsbridge Associates and Kingsbridge II's (collectively, "Kingsbridge") motion for summary judgment[1] (ECF No. 32) and plaintiff's motion to remand the action to state court

---

[1] Although Kingsbridge styles its motion as a "Motion to Dismiss," its briefing addresses the standards applicable to summary judgment and Kingsbridge has submitted a Rule 56.1 statement, to which plaintiff has responded. (ECF Nos. 34, 37.) Because plaintiff has not moved or made a specific objection under Rule 56(d), and this Court would reach the same result whether the motion

(ECF No. 12).  For the reasons set forth below, defendants' motion for summary judgment is GRANTED, and plaintiff's motion to remand is DENIED.

I.   LEGAL STANDARDS

   A.   Motion for Summary Judgment

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In making that determination, the Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010).

To sustain a negligence cause of action under New York law, a plaintiff must demonstrate that "the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage[ ] as a proximate result." Singh v. Home Depot U.S.A., Inc., 580 F. App'x 24, 25 (2d Cir. 2014) (summary order) (quoting Williams v. Utica Coll. Of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006)).

   B.   Removal Jurisdiction

Removal of an action filed in state court to federal court is proper in "any civil action . . . of which the district courts of the United States have original

---

is analyzed as one to dismiss or as one for summary judgment, the Court construes defendants' motion as one for summary judgment.

jurisdiction." 28 U.S.C. § 1441(a).  Generally, removal jurisdiction must be "strictly construed," Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).  Thus, a "party seeking removal bears the burden of showing that federal jurisdiction is proper." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011).  A case removed from state court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

      Defendants' amended notice of removal asserts that the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.  (See ECF No. 3 ¶ 5.)  Under section 1332(a)(1), a federal district court has diversity jurisdiction only if the parties to the suit are "citizens of different states." 28 U.S.C. § 1332(a)(1).  "'[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal merely by joining as defendants parties with no real connection with the controversy.'" CMS Volkswagen Holdings, LLC v. Volkswagen Grp. Of Am., Inc., No. 13-cv-03929 (NSR), 2013 WL 6409487, at *3 (S.D.N.Y. Dec. 6, 2013) (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998)).  "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's

pleadings, or that there is no possibility, based on [the record before the court], that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461. "The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." Id.

When the removal of an action to federal court is challenged, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979) (citations omitted), abrogated on other grounds by Hertz Corp. v. Friend, 559 U.S. 77 (2010); see also Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006). Whether on a motion to dismiss or a motion for summary judgment, a district court may "look[] outside the pleadings to the submissions" to determine whether it has subject matter jurisdiction, and "[b]efore arriving at its legal conclusion regarding the existence vel non of subject matter jurisdiction, the district court should resolve the disputed factual matters by means of findings of fact." Filatech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998), overruled on other grounds by Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., 753 F.3d 395 (2d Cir. 2014). In doing so, a district court may properly consider evidence including "sworn affidavits from both parties, correspondence between the parties and other relevant documents." King's Gym Complex, Inc. v. Phila. Indem. Ins. Co., 314 F. App'x 342, 343 (2d Cir. 2008) (summary order).

II. DISCUSSION

    A. <u>Kingsbridge II</u>

Kingsbridge does not dispute that, as a citizen of New York, if it is a proper party to the action, its presence destroys diversity citizenship, thereby depriving this Court of removal jurisdiction under 28 U.S.C. § 1441(a). At the outset, plaintiff does not contest that defendant Kingsbridge II never owned any portion of the shopping center in which the subject Target store is located, (Rule 56.1 statement, ECF No. 37), and in her opposition to defendants' motion to dismiss, she expressly "takes no position" with respect to the dismissal of Kingsbridge II from the action, (ECF No. 38). In light of these concessions, plaintiff presents no basis upon which to justify her joinder of Kingsbridge II to this action. Dismissal of all claims against Kingsbridge II is therefore proper.

    B. <u>Kingsbridge Associates</u>

As to defendant Kingsbridge Associates, plaintiff merely speculates that it had responsibility over the premises in which she slipped. In response, Kingsbridge proffered evidence in the form of an affidavit by Jeffrey Bernstein, Controller for Kingsbridge Associates, establishing that it does not own any part of the premises where the subject Target store is located. (Bernstein Aff. ¶ 3, ECF No. 43-2.) Kingsbridge also submitted affidavits from two Target employees, Shawn Welk and Jose Gonzalez, a real estate negotiator for Target and a property maintenance technician at the subject Target store, respectively, which provide further confirmation that Kingsbridge does not own, maintain or repair any part of the interior of the subject Target store and has had no obligation to do so since

February 5, 2002.  (Welk Aff. ¶ 3, ECF No. 29-3; Gonzalez Aff. ¶¶ 8-10, ECF No. 29-2.)  These affidavits carry significant weight as Target has no conceivable interest in absolving Kingsbridge of potential liability for plaintiff's claims.

In response, plaintiff has sought no discovery that might challenge Kingsbridge's evidence, has not filed a Rule 56(d) motion indicating that she cannot present facts essential to justify her opposition, and her complaint contains only vague assertions that Kingsbridge bore responsibility for maintaining the property in question, (ECF No. 3 ¶¶ 40-61.).  Plaintiff has thus provided no good faith basis to bring any claim against Kingsbridge and it appears likely that plaintiff joined Kingsbridge as a defendant to this action solely to defeat this Court's removal jurisdiction.  Even taking the evidence in the light most favorable to plaintiff, because Kingsbridge has demonstrated by clear and convincing evidence that "there is no possibility, based on [the record before the Court on this motion], that . . . plaintiff can state a cause of action against [Kingsbridge] in state court," Pampillonia, 138 F.3d at 461, the Court also dismisses Kingsbridge Associates from the action on the basis of fraudulent joinder.[2]

    C.    Motion to Remand

Because Kingsbridge Associates and Kingsbridge II are properly dismissed as fraudulently joined parties, the Court has subject matter jurisdiction over this

---

[2] In the alternative, because plaintiff has failed to show that Kingsbridge owed her a duty of care under New York law, see Singh, 580 F. App'x at 25, the Court also grants defendants' motion for summary judgment on the basis that plaintiff failed to raise a genuine issue of fact as to whether Kingsbridge was negligent.

6

action on the basis of diversity. Because plaintiff has presented no other ground for remand to state court, plaintiff's motion to remand is denied.

III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED as to Kingsbridge Associates and Kingsbridge Associates II, LLC, and plaintiff's motion to remand is DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 12 and 32.

SO ORDERED.

Dated:     New York, New York
           July 30, 2015

                            KATHERINE B. FORREST
                            United States District Judge